```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA
                       CIVIL MINUTES--GENERAL
```

Case No.    EDCV 11-1682-MMM(AJW)                  Date: October 25, 2011

**TITLE: <u>JAVIER MALDONADO PEREZ v. C. GIBSON</u>**
=======================================================
**PRESENT:  HON.   ANDREW J. WISTRICH, U.S. MAGISTRATE JUDGE**

    <u>Ysela Benavides</u>                    _____
      Deputy Clerk                           Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**   **ATTORNEYS PRESENT FOR DEFENDANTS:**
        None                                      None

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY**

Petitioner filed this petition for a writ of habeas corpus on September 30, 2011.[1]

From the face of the petition, it appears that it is barred by the one-year period of limitation set forth in the AEDPA.  28 U.S.C. § 2244(d)(1).  According to the petition, petitioner was convicted in 2005. [Petition at 1].  The California Court of Appeal affirmed his conviction on September 29, 2006. [Petition at 2].  Although petitioner alleges that he filed a petition for review in the California Supreme Court, he indicates that he does not know the number of that case, or the date of the court's decision, and reference to the California Supreme Court's docket does not reflect that any such petition was filed. [<u>See</u> Petition at 2; appellatecases.courtinfo.ca.gov].  Thus, it appears that petitioner's conviction became final in November 2006.  Consequently, petitioner had one year – or until November 2007 – to file a federal petition.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-1246 (9th Cir.), <u>cert. denied</u>, 534 U.S. 978 (2001); <u>Miles v. Prunty</u>, 187 F.3d 1104, 1105 (9th Cir. 1999); <u>Calderon v. United States District Court (Beeler)</u>, 128 F.3d 1283, 1287 (9th Cir. 1997), <u>cert</u>. <u>denied</u>, 522 U.S. 1099 & 523 U.S. 1061 (1998), <u>overruled on other grounds by</u> <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998)(en banc), <u>cert</u>.

---

[1] Although the petition was filed on October 13, 2011, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas petitions is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's pleading is deemed filed at the moment it is delivered to prison authorities for forwarding to the district court).  The Court assumes that petitoiner handed his petition to the proper prison officials on the date he signed it.

denied, 526 U.S. 1060 (1999).

This petition was not filed until September 30, 2011, nearly four years after the limitation period expired. Thus, absent grounds for statutory, see 28 U.S.C. § 2244(d)(1) and (2), or equitable tolling of the limitation period, the petition is time-barred.

It does not appear that petitioner filed any state habeas petitions during the relevant period. Although petitioner filed habeas petitions in state court, it is not clear that the first such petition was filed prior to the expiration of the limitation period. Therefore, it is likely that petitioner's state habeas petitions do not toll the already-expired limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"), cert. denied, 540 U.S. 924 (2003).

Even assuming that petitioner did file his first state petition before the expiration of the limitation period, the docket of the California Supreme Court reveals that the last habeas petition was denied on March 11, 2009. Even if the limitation period were tolled until that date, this petition still would be untimely, because it was not filed for more than two years after that date.

Furthermore, petitioner has not provided an adequate explanation for the lengthy delay in filing his federal habeas petition which might entitle him to equitable tolling of the one year statute of limitation. The Supreme Court explained that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 & n.8 (2005). "In this circuit, equitable tolling of the filing deadline for a habeas petition is available 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Lott v. Mueller, 304 F.3d 918, 924 (9th Cir. 2002) (citing Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(quoting Kelly, 163 F.3d at 541)). Equitable tolling may be appropriate when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." Lott, 304 F.3d at 925(citation omitted).

Petitioner shall show cause why the petition should not be dismissed as untimely by filing a response to this order within twenty-eight (28) days of the date of this order. In the response to this order, petitioner shall make clear the dates on which any state petition was filed and shall, if possible, attach copies of any state petition and the state court's decision addressing each petition. **All** facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, see 28 U.S.C. §1746, or in properly authenticated documents. Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their consequences in a declaration signed by him under penalty of perjury.

Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which petitioner believes impeded his ability to timely file his petition.

Petitioner's failure to timely file a response to this order may result in the dismissal of his petition.

**IT IS SO ORDERED.**

MINUTES FORM 11                                     Initials of Deputy Clerk_____
CIVIL-GEN